FREYRE, PLAINTIFF AND APPELLANT, v. CABASSA ET AL.,
DEFENDANTS AND RESPONDENTS.

Appeal from the District Court of Mayagüez in an Action
on Promissory Notes.

No. 1141.—Decided June 27, 1914.

EVIDENCE—CONTRADICTORY EVIDENCE—FINDING OF TRIAL COURT.—When the evi-
dence is contradictory the weight of preponderance given thereto by the trial
court will not be reversed on appeal unless there exist special reasons therefor.
ID.—PROMISSORY NOTE—GENUINENESS OF SIGNATURE—TRANSCRIPT OF RECORD—
FINDING OF TRIAL COURT.—When the evidence is contradictory as to the
genuineness of the signatures to various promissory notes the weight given
thereto by the trial court after making a comparison of the signatures at-
tacked with other original documents containing the genuine signatures of
the party cannot be reviewed by this court when the original documents
which served as a basis for the comparison are not included in the transcript
of the record, it not being sufficient to include typewritten copies of said
documents in the statement of the case.
BRIEF OF RESPONDENT—APPEARANCE.—It is bad practice on the part of the attor-
ney for the respondent not to file a brief and only to appear at the hearing
to argue orally.

The facts are stated in the opinion.
Messrs. Pascasio Fajardo and E. Ramírez Nadal for the
appellant.
Mr. Francisco Parra Capó for Rosaura Cabassa.
MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit against Rosaura Cabassa in conjunction
with her husband Alfredo Bravo González. The complaint
alleged that Rosaura Cabassa, in conjunction with her hus-
band, signed four joint and several promissory notes amount-
ing to the sum of $1,000. These four individual notes are
duly described in the complaint and copies of the four notes
accompanied the same. The defendant, Rosaura . Cabassa,
answered and denied having signed any of the notes. In
separate paragraphs she denied the signing of each one of
the notes.

On February 26, 1914, the district court rendered judg-
ment against the complainant on the ground that none of the

signatures of the defendant to any of the obligations referred to in the complaint had been placed there by the defendant Rosaura Cabassa.

The appellant asks a reversal of this judgment on the ground that the preponderance of the proof was strongly in favor of the complainant. He maintains that not only the appellant swore to the signatures of the defendant but that also the notary before whom the documents were executed gave evidence tending to show that the affidavits accompanying the documents were signed by Alfredo Bravo and Rosaura Cabassa before such notary. The defendant, on the other hand, absolutely denied her signature. Experts on both sides were presented and a great conflict of proof arose. We think we should be compelled to affirm this judgment solely on the ground of the conflict of the proof, but there is a special ground for the affirmance of the judgment in this case.

The attorney of the respondents filed no brief but at the hearing he drew the attention of the court to the fact that the judge below in rendering judgment on the ground that the signatures were false, arrived at such conclusion partially by comparison of the signatures of the documents sued on with other documents admitted to be genuine, and that the typewritten copies of such documents which were found in the statement of the case did not, of course, show the signatures as written. This is substantially an averment that this court in considering the facts cannot be placed in the same position as that held by the trial court. If we were attempting to weigh the conflict in the statements of the experts we ought to have the signatures before us as written in order to form an estimate of where the truth lies. We are utterly unable to weigh the truth in this case by reason of the lack of the original documents.

We shall not conclude this opinion, however, without drawing attention to the lamentable practice of some of the attorneys of this court in not filing briefs. No matter how simple the case is, or how simple the point, the court needs and de-

sires the written suggestions of counsel. It frequently happens that the individual judges cannot give due consideration to a case until a few weeks after it is heard, and then the memory of what counsel has said will frequently remain dim until freshened up by the written arguments. We think that an attorney who indulges in this practice is not aiding the court as he should.

Because of the conflict in the proof and the failure of the record to bring up all the proof laid before the trial judge, the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.

A motion for reconsideration was made and overruled on July 13, 1914.